IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANK PRUITT, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ATLANTA DATACOM, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Frank Pruitt (hereinafter "Plaintiff"), and files this lawsuit against Defendant Atlanta Datacom, Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Atlanta Datacom, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 2915 Courtyards Drive, Norcross, Georgia, 30071. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from 2/15/1991 through 3/5/2012 as a warehouse employee.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

14.

Plaintiff worked for the Defendant within the past three (3) years.

15.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Plaintiff's duties primarily consisted of manual labor, including shipping packages for delivery and receiving packages within the warehouse.

17.

Plaintiff did not manage any employees.

18.

Plaintiff's position did not require an advanced degree or qualification in any field of science or learning.

19.

Defendant was aware that Plaintiff regularly worked more than forty (40) hours in a workweek.

20.

Defendant was also aware that Plaintiff would regularly handle warehouse responsibilities during his lunch hour.

21.

Further, Defendant requested that Plaintiff perform additional work after Plaintiff's regularly scheduled workday had ended.

## V. **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

22.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

23.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

24.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

**Prayer for Relief**

25.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and,

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 25th day of July, 2012.

**BARRETT & FARAHANY, LLP**

 /s/ Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135

Attorneys for Frank Pruitt

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
lbrown@bf-llp.com
ben@bf-llp.com
amanda@bf-llp.com